**NOT FOR PUBLICATION**

```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
                         CAMDEN VICINAGE
_____
DEMETRIUS MUSCHETTA,                :
                                    :
             Plaintiff,             :   Civ. No. 20-16212 (RMB)(AMD)
                                    :
       v.                           :
                                    :
WARDEN, FCI FORT DIX, et al.,       :   OPINION
                                    :
             Defendants.            :
_____:
```

BUMB, District Judge

I. INTRODUCTION

Plaintiff is an inmate presently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding with a *pro se* civil rights complaint seeking injunctive relief. (*See* Compl., Dkt. No. 1.) For the following reasons, the complaint is dismissed without prejudice and this matter is administratively terminated.

II. FILING FEE/*IN FORMA PAUPERIS*

Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance. Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed *in forma pauperis*.

The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $52, for a total of $400.[1] A prisoner who is granted *in forma pauperis* status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. A prisoner who is denied *in forma pauperis* status must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

Title 28, section 1915 of the United States Code establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*. Under § 1915, a prisoner seeking to bring a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. *See* 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. *See* 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the

---

[1] On December 1, 2020, the administrative fee was raised from $50 to $52. However, as Plaintiff submitted his complaint in this action prior to this change, should Plaintiff elect to pay the filing fee, he shall only owe $400.

appropriate official of each correctional facility at which he was or is confined during such six-month period. *See id.*

If the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the filing fee, in installments. *See* 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk an installment payment equal to 20% of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) (*in forma pauperis* actions); *see also* 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant). If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In this case, Plaintiff has not submitted the filing fee nor has he submitted an *in forma pauperis* application. Thus, this matter will be administratively terminated. Furthermore, for the following reasons, Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.

III. LEGAL STANDARD FOR SCREENING

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B)[2], seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with

---

[2] The United States Court of Appeals for the Third Circuit has determined this Court can screen Plaintiff's complaint even before considering an *in forma pauperis* application. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (en banc). This Court elects to do so here.

4

respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind*

5

*Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

IV. FACTUAL BACKGROUND

The allegations of the complaint are construed as true for purposes of this opinion. While Plaintiff does not expressly name any defendants in his one-page complaint, this Court construes his complaint as suing the Warden of F.C.I. Fort Dix and the Federal Bureau of Prisons ("BOP").

Plaintiff alleges the BOP has intentionally brought inmates from F.C.I. Elkton who are infected with COVID-19 to F.C.I. Fort Dix. According to Plaintiff, Fort Dix staff work in both COVID-19 infected and non-infected units. Plaintiff states he is obese which could lead to serious illness if he contracts COVID-19. Plaintiff states Fort Dix officials can no longer guarantee his safety and that Fort Dix should not be permitted to house

6

inmates until it is decontaminated. Thus, this Court presumes Plaintiff is seeking injunctive relief only in his complaint.

V. DISCUSSION

The Eighth Amendment "prohibits any punishment which violates civilized standards and concepts of humanity and decency." *Thomas v. Tice*, 948 F.3d 133, 138 (3d Cir. 2020) (quoting *Young v. Quinlan*, 960 F.2d 351, 359 (3d Cir. 1992), *superseded by statute on other grounds as stated in*, *Nyhuis v. Reno,* 204 F.3d 65, 71 n.7 (3d Cir. 2000) (citations omitted)). There are two elements to an Eighth Amendment conditions of confinement claim: "(1) the deprivation alleged must be, objectively, 'sufficiently serious,' and (2) the 'prison official must have a sufficiently culpable state of mind.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted)).

A deprivation is sufficiently serious if an inmate "is deprived of 'the minimal civilized measure of life's necessities.'" *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 299 (1991)). "The second element is satisfied when an inmate shows that prison officials acted with deliberate indifference to the inmate's health or safety or conditions of confinement that violated the inmate's constitutional rights." *Id.* (citing *Wilson*, 501 U.S. at 302-03). Deliberate indifference, in this context, is judged under a subjective standard, "requiring a

7

showing that prison officials actually knew of and disregarded constitutional violations." *Id.* (quoting *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001)). "[A] defendant's knowledge of a risk to health and safety 'can be proved indirectly by circumstantial evidence to the effect that the excessive risk was so obvious that the official must have known of the risk.'" *Id.*

Plaintiff fails to state with any facial plausibility that his Eighth Amendment rights have been violated. His allegations are conclusory and fail to state a claim upon which relief may be granted. By way of example only, while Plaintiff alleges the BOP has transferred COVID-19 inmates to Fort Dix, he fails to state with any specificity what contact, if any, he has had with this infected inmates, or what steps or lack thereof, Fort Dix has taken to separate these inmates from non-infected inmates like Plaintiff. Furthermore, while Plaintiff alleges Fort Dix has permitted staff to work in both infected and non-infected units, he fails to state with any facial plausibility how this has affected him personally, and/or how this decision by the facility has specifically and expressly adversely affected him. Furthermore, Plaintiff fails to allege with any facial plausibility how the BOP has acted with deliberate indifference towards him. Accordingly, the complaint is dismissed without

prejudice for failure to state a claim upon which relief may be granted.

VI. CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted and this matter is administratively terminated. Plaintiff shall have thirty (30) days in which to either pay the $400 filing fee or submit a complete application to proceed *in forma pauperis* along with a proposed amended complaint that corrects the deficiencies of his original complaint should he elect to do so. An appropriate order will be entered.

DATED: April 13, 2021          s/ Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        United States District Judge